# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between RAFAEL ROJAS ("CLAIMANT" or "Plaintiff"), and GARLIC NY PIZZA CO. LTD. d/b/a GARLIC NEW YORK PIZZA BAR, FRANCESCO LAPUMA, and ALEX LAPUMA (collectively the "COMPANY" or "Defendants"), (CLAIMANT and the COMPANY are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of 3/30, 2018.

### RECITALS

A.   WHEREAS, on or about August 21, 2017, CLAIMANT filed an action (the "Action") against COMPANY alleging, *inter alia*, that COMPANY failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 17-CV-6342;

B.   WHEREAS, no court has considered or determined the claims presented;

C.   WHEREAS, COMPANY admits no wrongdoing, nor any liability with respect to CLAIMANT'S allegations, including allegations of failure to pay Plaintiff all wages owed to him;

D.   WHEREAS, Plaintiff and Defendants desire to fully and finally resolve all disputes between them;

E.   NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and mutual promises set forth below, receipt of which is hereby acknowledged, the Settling Parties, having been represented by counsel, have independenlty concluded that it is in their respective best interest to do so, agree as follows:

### AGREEMENT

1.   Consideration.   The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that he will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2.   Settlement Compensation and Release.

COMPANY agrees to pay CLAIMANT the settlement amount of $8,500 inclusive of all costs, penalties, damages, and other monetary remedies available under statute, regulation, or law and attorneys' fees (the "Settlement Payment") as follows:

> On or before April 9, 2018, COMPANY shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or

any other address provided by CLAIMANT'S counsel), a certified check in the amount of $8,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

In the event that Defendants fail to make the scheduled payment, Plaintiff shall provide a written "Cure Notice" to Defendants attorneys via e-mail. Defendants shall have ten (10) calendar days ("Cure Period") from receipt of the written "Cure Notice" by Defendants' attorneys to remit the payment. Should Defendants fail to cure the missed payment within the prescribed cure period, they will be penalized at a rate of 10% of the unpaid balance, compounded monthly.

For and in consideration of the payments provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANT fully, finally, irrevocably and forever releases and discharges Company, with respect to himself only, from all current, actual, and/or potential claims either known or not by Plaintiff arising from or related Plaintiff's employment and separation thereof with or against Defendants, including but not limited to federal and New York State wage and hour claims, which CLAIMANT has or may have against COMPANY, whether asserted in this action or not. The parties agree that Defendants will only issue a 1099 form to Lee Litigation Group, PLLC, who shall issue 1099 forms to Plaintiff individually.

3. <u>Cooperation</u>. CLAIMANT and COMPANY mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other.

4. <u>Voluntary Dismissal Without Prejudice</u>. Upon the execution of this Agreement, Plaintiff will file a Stipulation of Dismissal Without Prejudice in the Action and which shall be filed with the Court immediately.

5. <u>Entire Agreement</u>. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

6. <u>Headings</u>. The Settling Parties understand and agree that the headings in this
Settlement Agreement are for their convenience only, and have no legal significance.

7. <u>Arbitration Agreement.</u>

Other than enforcement of this Action. Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, complaint, claim or proceeding, in any forum (including but not limited to any court or agency, with the exceptions discussed in paragraph 8 below), against Defendants arising out of or relating to any allegation or claim (whether Plaintiff's or any other person's) concerning Plaintiff's employment with Defendants and separation thereof including any and all claims referred to or identified in the various correspondence, pleadings, etc. to and between the parties' respective law firms, unless specifically directed by court order or subpoena.

In the event Plaintiff seeks to file another action against Defendants other than the enforcement of this Agreement, the parties agree that any additional claim that Plaintiff may seek (hereinafter, "Dispute"), shall be decided by an arbitrator through arbitration on an individual basis and not by way of court or jury trial. Except as provided in this Arbitration Agreement, arbitration shall be in accordance with then current Employment Arbitration Rules of the American Arbitration Association ("AAA Rules"), available via the internet at www.adr.org/employment, except that Plaintiff and Defendants agree that all arbitration costs and fees will be split equally. The Federal Arbitration Act (9 U.S.C. § 1 et

seq.) shall apply to this Arbitration Agreement. This Arbitration Agreement may not be modified, revised or terminated absent a writing signed by both parties. The filing of a request for arbitration for any of the Released Claims is hereby agreed by both Parties to be a breach of this Agreement. In the event that Plaintiff files a Dispute, he will forfeit his right to the Settlement Funds and must repay amount portion already received, including attorney' fees.

8. Non-Admission

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever; and Plaintiff herein expressly acknowledges and attests that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof with the Defendants.

9. Non-Disparagement

The parties agree that they shall not act in any manner that might damage the business or personal reputation of the other parties, including but not limited to, making disparaging or detrimental comments, statements or the like about the other party in their professional and/or personal capacity to the media or otherwise.

10. Acknowledgement.

Plaintiff acknowledges that he is receiving good and valuable exchanged consideration under this agreement which represents more than he would ordinarily be entitled to. Plaintiff acknowledges that he was represented by counsel of his own choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

11. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

12. Release

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiff, for himself and for his heirs, executors, administrators and their respective successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former owners, shareholders, members, officers, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of claims, actions, causes and causes

of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, and demands whatsoever at law or in equity ("claims"), specifically including by way of example but not limited to, the Fair Labor Standards Act, New York Labor Law, New York Code Rules and Regulations, Title VII of the Civil Rights Acts, as amended, the Civil Rights Act of 1866, the Employee Retirement Income Security Act as amended, the Occupational Safety and Health Act, the National Labor Relations Act, as amended, The Age Discrimination in Employment Act; the Americans with Disability Act, the Worker Adjustment and Retraining Notification Act, and all Federal, State and local statutes, regulations, decisional law and ordinances and all human rights, fair employment, contract and tort laws relating to Plaintiff's employment with Defendants and/or the separation thereof including, again by way of example but without limitation, the New York State Human Rights Law, the New York City Human Rights Law, any civil rights or human rights law, as well as all claims for or concerning wrongful discharge, breach of contract, personal injury, defamation, mental anguish, injury to health and reputation, working conditions and fraud, which Plaintiff ever had, now has, or which Plaintiff hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiff's employment by Defendants, the separation thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement.

Plaintiff and Defendants acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

13. <u>Enforcement of the Agreement</u>

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

14. <u>Severability</u>

If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is directed to do so. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

15. <u>Effective Date</u>

This Agreement and Release shall become effective immediately upon execution.

16.     <u>Counterparts</u>

      This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

The Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

*RAFAEL Rojas*
**Rafael Rojas**

**Garlic NY Pizza Bar Co. LTD.**

By: _____
      Name:
      Title:

_____
**Francesco Lapuma**

_____
**Alex Lapuma**

[REST OF PAGE LEFT INTENTIONALLY BLANK]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

The Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
**Rafael Rojas**

Garlic NY Pizza Bar Co. LTD.

By: _Pres/owner_
Name:
Title:
_____
Francesco Lapuma

_____
Alex Lapuma